COPY
FILED
2013 MAR -5  AM 11: 22
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:

1  James E. Doroshow (SBN 112920)
       jdoroshow@foxrothschild.com
2  Patrick J. Hagan (SBN 266237)
       phagan@foxrothschild.com
3  FOX ROTHSCHILD LLP
   1800 Century Park East, Suite 300
4  Los Angeles, CA 90067-1506
   Telephone: 310-598-4150
5  Facsimile: 310-556-9828

6  Attorneys for Defendants,
   KLS DOORS, LLC AND COX U.S.A.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE SLIDING DOOR COMPANY, a California Corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>KLS DOORS, LLC, a California Limited Liability Company; COX U.S.A., a division of KLS DOORS, LLC,<br><br>            Defendants. | Case No.: EDCV 13-00196-JGB-DTB<br><br>Hon. Judge Jesus G. Bernal<br><br>**ANSWER TO COMPLAINT, COUNTERCLAIMS AND JURY DEMAND**<br><br>Date Complaint Filed: 1/31/13<br>Discovery Cutoff:     None<br>Trial Date:           None |
| KLS DOORS, LLC, a California Limited Liability Company; COX U.S.A., a division of KLS DOORS, LLC,<br><br>            Counter-Plaintiffs,<br><br>    v.<br><br>THE SLIDING DOOR COMPANY, a California Corporation,<br><br>            Counter-Defendant. | |

ANSWER TO COMPLAINT AND COUNTERCLAIMS
1
LA1 288281v4 03/05/13

Defendants KLS Doors, LLC and Cox U.S.A. (collectively "KLS" or "Defendants"), by and through their undersigned counsel, hereby respectfully submit this Answer and Affirmative Defenses in response to the Complaint of Plaintiff The Sliding Door Company ("Sliding Door") as follows:

## PARTIES AND SERVICE

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1, and therefore deny such allegations.

2. Defendants admit the allegations of paragraphs 2 of the Complaint, except deny that KLS Doors, LLC's principal place of business is at the address stated.

3. Defendants admit the allegations in paragraph 3 of the Complaint.

4. Defendants deny the allegations of paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. The allegations set forth in paragraph 5 constitute legal conclusions to which no response is required.

6. Defendants admit, for purposes of this case, that the Court has personal jurisdiction over them. Defendants, however, deny the remaining allegations in paragraph 6.

7. The allegations set forth in paragraph 7 constitute legal conclusions to which no response is required. To the extent that a response is required, the Defendants deny the allegations in paragraph 7, including without limitation, that Defendants have committed any unlawful acts in this judicial district.

## THE SLIDING DOOR COMPANY STORY

8. Defendants are without sufficient information to admit or deny the allegations in paragraph 8 of the Complaint and therefore deny the same.

9. Defendants are without sufficient information to admit or deny the allegations in paragraph 9 of the Complaint and therefore deny the same.

10. Defendants are without sufficient information to admit or deny the allegations in paragraph 10 of the Complaint and therefore deny the same.

11. Defendants are without sufficient information to admit or deny the allegations in paragraph 11 of the Complaint and therefore deny the same.

12. Defendants are without sufficient information to admit or deny the allegations in paragraph 12 of the Complaint and therefore deny the same.

## THE '729 PATENT

13. Defendants admit that U.S. Patent 7,647,729 ("the '729 Patent") states on its face that it issued by the United States Patent and Trademark Office and that a copy of the '729 Patent is attached to the Complaint as Exhibit A. Except as specifically admitted, Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 13 of the Complaint and therefore deny the same.

14. Defendants are without sufficient information to admit or deny the allegations in paragraph 14 of the Complaint and therefore deny the same.

15. The allegations set forth in paragraph 15 constitute legal conclusions to which a response is not required. To the extent a response is required, Defendants deny the same.

16. Defendants are without sufficient information to admit or deny the allegations in paragraph 16 of the Complaint and therefore deny the same.

17. Defendants are without sufficient information to admit or deny the allegations in paragraph 17 of the Complaint and therefore deny the same.

18. Defendants are without sufficient information to admit or deny the allegations in paragraph 18 of the Complaint and therefore deny the same.

## THE SLIDING DOOR TRADE DRESS

19. Defendants deny the allegations in paragraph 19 of the Complaint.

20. Defendants deny the allegations in paragraph 20 of the Complaint.

21. Defendants are without sufficient information to admit or deny the allegations in paragraph 21 of the Complaint and therefore deny the same.

22. Defendants are without sufficient information to admit or deny the allegations in paragraph 22 of the Complaint and therefore deny the same.

23. Defendants are without sufficient information to admit or deny the allegations in paragraph 23 of the Complaint and therefore deny the same.

## DEFENDANTS' UNAUTHORIZED USE OF PLAINTIFF'S PATENT AND TRADE DRESS

24. Defendants admit they were aware of the '729 Patent at the time they designed around it. Defendants deny the remaining allegations in paragraph 24 of the Complaint.

25. Defendants deny the allegations in paragraph 25 of the Complaint.

26. Defendants deny the allegations in paragraph 26 of the Complaint.

27. Defendants deny the allegations in paragraph 27 of the Complaint.

28. Defendants admit that a copy of Cox U.S.A.'s catalog and webpage are attached to the Complaint as Exhibits F and G, and that they include references to "anti-jump bottom rollers," "twin top rollers," and "décor rails." Defendants deny the remaining allegations in paragraph 28 of the Complaint.

29. Defendants deny the allegations in paragraph 29 of the Complaint.

30. Defendants deny the allegations in paragraph 30 of the Complaint.

31. Defendants deny the allegations in paragraph 31 of the Complaint.

## COUNT I

### Patent Infringement of the '729 Patent

32. Defendants incorporate by reference their responses contained in paragraphs 1-31 above as if fully set forth herein.

33. Defendants are without sufficient information to admit or deny the allegations in paragraph 33 of the Complaint and therefore deny the same

34. Defendants deny the allegations in paragraph 34 of the Complaint.

35. Defendants deny the allegations in paragraph 35 of the Complaint.

36. Defendants deny the allegations in paragraph 36 of the Complaint.

37. Defendants deny the allegations in paragraph 37 of the Complaint.

## COUNT II:

## Federal Trade Dress Infringement

## (Lanham Act § 43(a), 15 U.S.C. § 1125(a))

38. Defendants incorporate by reference their responses contained in paragraphs 1-37 above as if fully set forth herein.

39. Defendants are without sufficient information to admit or deny the allegations in paragraph 39 of the Complaint and therefore deny the same.

40. Defendants deny the allegations in paragraph 40 of the Complaint.

41. Defendants deny the allegations in paragraph 41 of the Complaint.

42. Defendants deny the allegations in paragraph 42 of the Complaint.

43. Defendants deny the allegations in paragraph 43 of the Complaint.

44. Defendants deny the allegations in paragraph 44 of the Complaint.

45. Defendants deny the allegations in paragraph 45 of the Complaint.

46. Defendants deny the allegations in paragraph 46 of the Complaint.

47. Defendants deny the allegations in paragraph 47 of the Complaint.

## COUNT III:

## State Trade Dress Dilution

## And Injury To Business Reputation

48. Defendants incorporate by reference their responses contained in paragraphs 1-47 above as if fully set forth herein.

49. Defendants are without sufficient information to admit or deny the allegations in paragraph 49 of the Complaint and therefore deny the same.

50. Defendants deny the allegations in paragraph 50 of the Complaint.

51. Defendants deny the allegations in paragraph 51 of the Complaint.

52. Defendants deny the allegations in paragraph 52 of the Complaint

## COUNT IV:

### Intentional Interference With Prospective Economic Advantage

53. Defendants incorporate by reference their responses contained in paragraphs 1-52 above as if fully set forth herein.

54. Defendants are without sufficient information to admit or deny the allegations in paragraph 54 of the Complaint and therefore deny the same.

55. Defendants are without sufficient information to admit or deny the allegations in paragraph 55 of the Complaint that The Sliding Door Company was in negotiations with "one such client" and "had all but closed the deal to sell a number of sliding doors," and therefore deny the same. Defendants deny the remaining allegations of paragraph 55.

56. Defendants are without sufficient information to admit or deny the allegations in the first two sentences of paragraph 56 of the Complaint and therefore deny the same. Defendants deny the remaining allegations in paragraph 56 of the Complaint.

57. Defendants deny the allegations in paragraph 57 of the Complaint.

## COUNT V:

### Unjust Enrichment

58. Defendants incorporate by reference their responses contained in paragraphs 1-57 above as if fully set forth herein.

59. Defendants deny the allegations in paragraph 59 of the Complaint.

## PRAYER FOR RELIEF

60. To the extent a response is necessary, Defendants deny that Plaintiff is entitled to any of the relief requested in its Prayer for Relief.

## AFFIRMATIVE DEFENSES

By asserting these affirmative defenses, Defendants do not admit that they necessarily bear the burden of proof or persuasion for any of the defenses or issues raised therein. Moreover, at this time, Defendants have insufficient knowledge upon

which to form a belief as to whether additional defenses are presently available to them.  Defendants reserve the right to amend their Response to the Complaint to add, delete, or modify defenses based on legal theories which may or will be divulged through clarification of the Complaint, through discovery, through change or clarification of the governing law, or through further legal analysis of Plaintiff's position in this litigation.  Subject to the foregoing, for their affirmative defenses in this action, Defendants hereby assert and allege the following:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

61.  Plaintiff's Complaint, including one or more counts set forth therein, fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Non-Infringement of Patent)

62.  Defendants have not directly infringed, and are not directly infringing, any claims of U.S. Patent No. 7,647,729  (the "patent-in-suit" or "the '729 patent") either literally or under the doctrine of equivalents.  Moreover, Defendants have not induced or contributed to, and are not inducing or contributing to, infringement of the '729 Patent, either literally or under the doctrine of equivalents.

## THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

63.  The '729 Patent, and all asserted claims thereof, are invalid for failure to comply with one or more of the requirements of the Patent Act, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## FOURTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

64.  Plaintiff is estopped from asserting claims of infringement of  the '729 Patent under the doctrine of prosecution history estoppel and/or due to admissions or representations made during the prosecution of the application and upon which the

'729 Patent issued.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mark/Actual Notice)

65. Pursuant to 35 U.S.C. § 287, based upon information and belief, any claim for damages prior to the filing of the Complaint is barred because Plaintiff and/or persons making or selling one or more patented articles for or under Plaintiff's discretion, if any, failed to mark the patented articles with the patent number of the '729 Patent. Plaintiff's claims are barred to the extent they seek damages for any acts which occurred prior to Defendants receiving actual notice of infringement of the '792 Patent.

## SIXTH AFFIRMATIVE DEFENSE

### (Nondistinctive Trade Dress)

66. Plaintiff's claims for relief are barred because the alleged trade dress is not distinctive and lacks secondary meaning. Plaintiff has no valid trade dress.

## SEVENTH AFFIRMATIVE DEFENSE

### (Functionality)

67. Plaintiff's claims for relief are barred because the alleged trade dress is functional.

## EIGHTH AFFIRMATIVE DEFENSE

### (Absence of Confusion)

68. Plaintiff's claims for relief are barred because Defendants' alleged use of Plaintiff's alleged trade dress is not likely to confuse consumers about the origin of Defendants' sliding door systems.

## NINTH AFFIRMATIVE DEFENSE

### (Generic Trade Dress)

69. Plaintiff's claims for relief are barred because Plaintiff's alleged trade dress is generic.

## TENTH AFFIRMATIVE DEFENSE
### (Non-Infringement of Trade Dress)

70. Plaintiff's claims for relief are barred because Defendants did and do not infringe Plaintiff's alleged trade dress under either state or federal law.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Lack of Fame)

71. Plaintiff's claim for trademark dilution is barred as Plaintiff's trade dress is not enforceable, distinctive, or famous and has not been tarnished or diluted.

## TWELFTH AFFIRMATIVE DEFENSE
### (Abandonment of Trade Dress)

72. On information and belief, Plaintiff's alleged trade dress is not enforceable based on failure to police and/or abandonment. Plaintiff's alleged trade dress claims are barred as the cited trade dress is in the public domain.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Fair Use)

73. Defendants' use, if any, of Plaintiff's alleged trade dress is a fair use.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Waiver, Estoppel, Unclean Hands, and/or Laches)

74. The equitable doctrines of waiver, estoppel, unclean hands and/or laches bar some or all of Plaintiff's claims for damages and other relief.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

75. Some of Plaintiff's claims for relief are barred, in whole or in part, by applicable statutes of limitations.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Innocent Infringement)

76. Plaintiff's claims for relief are barred because the alleged infringement, if any, was innocent and not willful.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Absence of Irreparable Harm)

77. Plaintiff's claims for injunctive relief are barred because Plaintiff will not suffer any irreparable harm and has an adequate remedy at law.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Inequitable Relief)

78. Plaintiff's claims for injunctive relief are barred because such relief would be inequitable.

## NINETEENTH AFFIRMATIVE DEFENSE
### (No Causation)

79. Plaintiff's claims are barred because Plaintiff's alleged injury and/or damages, if any, were not caused by Defendants. Plaintiff's claims made in the Complaint are barred, in whole or in part, because Defendants are not liable for the acts of others over whom they have no control.

## TWENTIETH AFFIRMATIVE DEFENSE
### (No Damage)

80. Plaintiff's claims are barred because there has been no damage in any amount by reason of any act alleged against Defendants.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (No Mitigation)

81. Plaintiff has failed to mitigate its damages, if any.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Competition Privilege)

82. Plaintiff's claims are barred as Defendants' alleged acts, if any, comprise privileged acts in pursuit of a legitimate business advantage.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (No Alter Ego Liability)

83. There is no basis for imposing alter ego liability in this action.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Reservation of Additional Defenses)

84. Defendants presently have insufficient knowledge or information on which to form a belief as to whether there may be additional, as yet unstated affirmative defenses. Thus, to the extent this Court may have jurisdiction herein, and subject to discovery in this action, Defendants expressly reserve their right to assert additional affirmative defenses when and if they are appropriate.

WHEREFORE, Defendants pray that the Court dismiss the Complaint as to all Defendants with prejudice, award Defendants their reasonable attorneys' fees and costs incurred in connection with this lawsuit, and award Defendants such other and/or further relief as the Court deems just and proper.

## COUNTERCLAIMS

For their Counterclaims against Counter-Defendant The Sliding Door Company ("Sliding Door"), Counter-Plaintiffs KLS Doors, LLC ("KLS") and Cox U.S.A. ("Cox") hereby state and allege as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202, as well as the Lanham Act, 35 U.S.C. § 1051, *et seq*. An actual, substantial, and continuing justiciable controversy exists between KLS and Cox on the one hand, and Sliding Door on the other, based on Sliding Door having filed a Complaint in this action against KLS and Cox, including alleging infringement of the patent-in-suit and alleged trade dress infringement. Accordingly, KLS and Cox require a declaration of their rights by this Court with respect to these claims and allegations.

2. This Court has personal jurisdiction over Counter-Defendant Sliding Door because Sliding Door has invoked the jurisdiction of this Court by filing the Complaint herein.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

# THE PARTIES

4. Counter-Plaintiff KLS is a limited liability company organized and existing under the laws of the State of California with its principal place of business at 4755 East Zinfadel Court, Suite D, Ontario, CA 91761.

5. Counter-Plaintiff Cox is a division of KLS, with its principal place of business at 4755 East Zinfandel Court, Suite D, Ontario, CA 91761.  KLS and Cox are hereinafter collectively referred to herein as "Counter-Plaintiffs."

6. According to paragraph 1 of its Complaint, Counter-Defendant Sliding Door is a corporation organized and existing under the laws of the State of California with its principal place of business at 20235 Bahama Street, Chatsworth, CA 91311.

# FIRST CLAIM FOR RELIEF

**(Declaratory Judgment—Non-Infringement of U.S. Patent No. 7,647,729)**

7. KLS and Cox reallege paragraphs 1 through 6 above, as if fully set forth herein.

8. Sliding Door's Complaint in this action alleges that Sliding Door is the owner and assignee of '729 Patent and has the right to bring an action and recover damages for infringement thereof.

9. In this action, Sliding Door has brought suit against KLS and Cox alleging that KLS and Cox directly infringe, induce infringement of, or contribute to the infringement of, of the '729 Patent, literally or under the doctrine of equivalents.

10. KLS and Cox have not infringed, induced infringement of, or contributed to the infringement of, any valid claim of the '729 Patent.

11. Therefore, an actual case or controversy now exists between KLS and Cox, on the one hand, and Sliding Door, on the other, including based on Sliding Door's claims that KLS and Cox are allegedly infringing the '729 Patent.

12. KLS and Cox have been injured and damaged by Sliding Door filing its Complaint asserting infringement of a patent that KLS and Cox do not infringe.

13. Declaratory relief is therefore both appropriate and necessary at this time

to establish and prove that KLS and Cox have not directly or indirectly infringed any valid claim of the patent-in-suit.

## SECOND CLAIM FOR RELIEF

### (Declaratory Judgment—Invalidity of U.S. Patent No. 7,647,729)

14. KLS and Cox reallege paragraphs 1 through 13 above, as if fully set forth herein.

15. KLS and Cox are informed and believe and thereon allege that one or more claims of the '729 Patent are invalid for failure to meet the requirements of patentability.

16. An actual case or controversy now exists between KLS and Cox, on the one hand, and Sliding Door, on the other, based on Sliding Door's claim that KLS and Cox allegedly infringe one or more claims of the '729 Patent.

17. KLS and Cox have been injured and damaged by Sliding Door filing a Complaint asserting infringement of invalid patent claims.

18. Declaratory relief is therefore both appropriate and necessary at this time to establish and prove that one or more asserted claims of the patent-in-suit are invalid and thus cannot be asserted against KLS and Cox.

## THIRD CLAIM FOR RELIEF

### (Declaratory Judgment—Non-infringement of Sliding Door's Alleged Federal Trade Dress Under the Lanham Act)

19. KLS and Cox reallege paragraphs 1 through 18 above, as if fully set forth herein.

20. Defendants are informed and believe and on that basis allege, that Sliding Door's alleged trade dress as stated in its Complaint is not inherently distinctive and has not acquired secondary meaning.

21. Further, Defendants are informed and believe and on that basis allege, that Sliding Door's cited trade dress in its Complaint is functional, is commonly found in other third-party products, has been abandoned through non-policing by Sliding

Door, has been placed in the public domain and/or is owned by others. Indeed, it appears Sliding Door has claimed some or all of its alleged trade dress in the '729 Patent.

22. In addition, none of Counter-Plaintiffs' accused products has created a likelihood of confusion to relevant consumers.

23. Accordingly, Counter-Plaintiffs have not infringed Sliding Door's alleged trade dress as set forth in the Complaint.

24. Therefore, the Court should issue a declaration that Counter-Plaintiffs have not infringed Sliding Door's alleged trade dress as set forth in the Complaint.

## FOURTH CLAIM FOR RELIEF

### (False Advertising Under Section 43(a) of the Lanham Act)

25. KLS and Cox reallege paragraphs 1 through 24 above, as if fully set forth herein.

26. Upon information and belief, beginning in February 2013, Sliding Door engaged in an advertising campaign designed to deter customers from purchasing Counter-Plaintiffs' products, including by making false statements about the nature, characteristics, and/or qualities of Counter-Plaintiffs' products (*i.e.*, certain of their products infringe Sliding Door's '729 Patent).

27. For example, on February 6, 2013, Todd Schwartz, the Sales Manager of the Commercial Division of Sliding Door, sent a generic, unprivileged, communication in interstate commerce to one of Counter-Plaintiffs' customers, Frontier Door & Cabinet ("Frontier"), that contained the following false statements: "We write to advise that KLS Doors, LLC and its subsidiary COX USA are infringing on our patent….At issue is the COX product line *Urban Door Collection*. This infringing line of products utilizes a top and bottom track rolling and locking system that is patented and exclusive to TSDC."

28. Neither Counter-Plaintiffs nor their products infringe Sliding Door's '729 Patent and as such, both are false statements. Sliding Door's claims of infringement

are objectively baseless as evidenced, for example, by the photographs in Paragraph 30 of Sliding Door's Complaint, which clearly show that Counter-Plaintiffs' products are missing fundamental, required elements of all claims of the '729 Patent.

29. In addition to the above-referenced false statements, upon information and belief, the February 6, 2013 advertisement included a link for the recipient to view Sliding Door's "Digital Catalog" of products and provided several pictorial examples of their product lines.

30. Upon information and belief, other purchasers or potential purchasers of Counter-Plaintiffs' products (*e.g.*, architects, sub-contractors, and general contractors) have received the same commercial advertising in an attempt to improperly divert sales from Counter-Plaintiffs to Sliding Door.

31. Because of Sliding Door's false statements, Counter-Plaintiffs' relationship with its customers and others has been damaged. Sliding Door's false statements in its advertising have actually deceived and/or have the tendency to deceive its intended audience.

32. Sliding Door's statements are false and as such, are material in that they are likely to influence the purchasing decision of customers who receive or learn of Sliding Door's false statements.

33. Based on the foregoing, Counter-Plaintiffs have been or are likely to be injured as a result of the foregoing false statements, including by direct diversion of sales from them to Sliding Door, by a lessening of good will associated with Counter-Plaintiffs' products, and by injury to Counter-Plaintiffs' business reputation.

34. Counter-Plaintiffs have been and continue to be irreparably harmed by Sliding Door's unlawful conduct and have no adequate remedy at law.

### FIFTH CLAIM FOR RELIEF

**(Unfair Competition Under California Business and Professions Code §§ 17200 et seq.)**

35. KLS and Cox reallege paragraphs 1 through 34 above, as if fully set forth

herein.

36. Sliding Door's conduct as alleged herein constitutes unfair competition in violation of California Business and Professions Code §§ 17200 et seq.

37. Unless Sliding Door is restrained from engaging in such unfair competition, Counter-Plaintiffs will continue to suffer irreparable injury.

## **PRAYER FOR RELIEF**

Wherefore, KLS and Cox pray for the following relief:

1. that Sliding Door's Complaint be dismissed with prejudice;

2. that all remedies and relief sought by Sliding Door be denied;

3. that judgment be entered in KLS and Cox' favor on each and every count of Sliding Door's Complaint and KLS and Cox' Counterclaims;

4. that judgment be entered that KLS and Cox have not directly or indirectly infringed any valid claim of the patent-in-suit either literally or under the doctrine of equivalents;

5. that judgment be entered declaring that one or more of the asserted claims of the patent-in-suit are invalid;

6. that judgment be entered declaring that KLS and Cox have not infringed Sliding Door's alleged trade dress;

7. that judgment be entered awarding KLS and Cox their costs incurred in the prosecution and defense of this action;

8. that judgment be entered declaring KLS and Cox to be the "prevailing party," and that this case is exceptional under 35 U.S.C. § 285 and 15 U.S.C. § 1117(a), and awarding KLS and Cox their reasonable attorneys' fees incurred in the prosecution and defense of this action;

9. that Sliding Door, its officers, agents, servants, employees and attorneys, and any and all persons in active concert or participation with any of them, be preliminarily and permanently enjoined from directly or indirectly stating in any manner to any purchaser of Counter-Plaintiffs' products that KLS and/or Cox'

products infringe the '729 Patent or their alleged trade dress or from otherwise engaging in acts of unfair competition in any manner;

    10.    that KLS and Cox be awarded damages in an amount to be determined at trial, including Sliding Door's profits, Counter-Plaintiffs' lost profits and loss of good will;

    11.    that Counter-Plaintiffs be awarded treble actual damages;

    12.    that Sliding Door pay a sum sufficient to cover the cost of corrective advertising necessary to address Sliding Door's false statements made to purchasers of Counter-Plaintiffs' products;

    13.    that Counter-Plaintiffs be awarded pre-judgment and post-judgment interest; and

    14.    that judgment be entered awarding KLS and Cox such other and further relief as the Court may deem just and proper.

Dated: March 5, 2013        FOX ROTHSCHILD LLP

By: _____
James E. Doroshow
Patrick J. Hagan
Attorneys for Defendants,
KLS DOORS, LLC and COX U.S.A.
Attorneys for Defendants,
KLS DOORS, LLC and COX U.S.A.

## JURY DEMAND

KLS and Cox request a trial by jury on all issues so triable.

Dated: March 5, 2013                    FOX ROTHSCHILD LLP

By: _____
James E. Doroshow
Patrick J. Hagan
Attorneys for Defendants,
KLS DOORS, LLC and COX U.S.A.Attorneys for Defendants,
KLS DOORS, LLC and COX U.S.A.