Alex M. Weingarten (SBN 204410)
 aw@wbllp.com
Ruth M. Moore (SBN 216848)
 rm@wbllp.com
Vartanoush Defterderian (SBN 274416)
 vmd@wbllp.com
WEINGARTEN BROWN LLP
10866 Wilshire Boulevard, Suite 500
Los Angeles, California 90024-4340
Telephone:  (310) 229-9300
Facsimile:   (310) 229-9380

*Attorneys for Plaintiff*
 *The Sliding Door Company*



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE SLIDING DOOR COMPANY, a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>KLS DOORS, LLC, a California Limited Liability Company; COX U.S.A., a division of KLS DOORS, LLC,<br><br>Defendants. | CASE NO.: EDCV 13-00196-JGB-DTB<br><br>**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS**<br><br>Date:   April 29, 2013<br>Time:  9:00 a.m.<br><br>Hon. Jesus G. Bernal<br><br>Location:<br>   Courtroom 1<br>   3470 Twelfth Street<br>   Riverside, CA 92501 |
| KLS DOORS, LLC, a California Limited Liability Company; COX U.S.A., a division of KLS DOORS, LLC,<br><br>Counter-Plaintiffs,<br><br>v.<br><br>THE SLIDING DOOR COMPANY, a California Corporation,<br><br>Counter-Defendant. | |

23900.2

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................ 1

II. PLAINTIFF'S LITIGATION WARNINGS CANNOT PLAUSIBLY BE CONSTRUED AS COMMERCIAL ADVERTISING ........................... 2

III. DEFENDANTS CANNOT ASSERT COUNTERCLAIMS BASED ON PLAINTIFF'S LITIGATION-RELATED COMMUNICATIONS ........ 6

IV. DEFENDANTS' DECLARATORY RELIEF COUNTERCLAIMS SHOULD ALSO BE DISMISSED ............................................................. 9

    A. Defendants' Non-Infringement Counterclaims Serve No Useful Purpose and Threaten to Improperly Expand the Litigation ................ 9

    B. Defendants Fail to Allege Facts Showing Patent Invalidity ............... 11

V. CONCLUSION ........................................................................................... 13



# TABLE OF AUTHORITIES

Page

**FEDERAL CASES**

*Advanced Cardivascular Systems, Inc. v. Medtronic, Inc.*
  No. C-95-3577 DLJ, 1996 WL 467293 (N.D.Cal., July 24, 1996) .................... 11

*Ashcroft v. Iqbal*
  556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ......................... *passim*

*Avery Dennison Corp. v. Acco Brands, Inc.*
  CV99-1877DT(MCX), 2000 WL 986995 (C.D. Cal. Feb. 22, 2000) .............. 3, 5

*Bell Atl. Corp. v. Twombly*
  550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ......................... *passim*

*Concrete Unlimited Inc. v. Cementcraft, Inc.*
  776 F.2d 1537 (Fed. Cir. 1985) ....................................................... 3, 4

*Cundiff v. Dollar Loan Center*
  726 F. Supp. 2d 1232 (D. Nev. 2010) .................................................... 9

*Elan Microelectronics Corp. v. Apple, Inc.*
  No. C 09-1531 RS, 2009 WL 2972374 (N.D. Cal. Sept. 14, 2009) .................... 12

*Englewood Lending Inc. v. G&G Coachella Invests., LLC*
  651 F. Supp. 2d 1141 (C.D. Cal. 2009) ................................................... 9

*Evers v. County of Custer*
  745 F.2d 1196 (9th Cir. 1984) ............................................................ 6

*Futuristic Fences, Inc. v Illusion Fence Corp.*
  558 F. Supp. 2d 1270 (S.D. Fla. 2008) .................................................. 2

*Gen-Probe, Inc. v. Amoco Corp., Inc.*
  926 F. Supp. 948 (S.D. Cal. 1996) ....................................................... 7

*Halton Co. v. Streivor, Inc.*
  No. C 10–00655 WHA, 2010 WL 2077203 (N.D. Cal. May 21, 2010) ........... 12

*Impeva Labs, Inc. v. System Planning Corp.*
  No. 5:12-CV-00125-EJD, 2012 WL 3647716 (N.D. Cal. Aug. 23, 2012) ...... 3, 4

*In re Bill of Lading Transmission and Processing Sys. Patent Litig.*
  681 F.3d 1323 (Fed. Cir. 2012) ........................................................ 12



WEINGARTEN BROWN LLP

Case 5:13-cv-00196-JGB-DTB   Document 17   Filed 04/15/13   Page 4 of 19   Page ID #:224

*ISI Intern., Inc. v. Broden Ladner Gervais LLP*
    316 F.3d 731 (7th Cir. 2003) ............................................................................... 2

*Knievel v. ESPN*
    393 F.3d (9th Cir. 2005) ...................................................................................... 4

*M. Eagles Tool Warehouse, Inc. v. Fisher Tooling Co., Inc.*
    No. 97-1568-(JAG), 2007 WL 979854 (D.N.J. Mar. 30, 2007) ....................... 2, 4

*Memory Control Enter., LLC v. Edmunds.com, Inc.*
    No. CV 11-7658 PA, 2012 WL 681765 (C.D. Cal. Feb. 8, 2012) ............... 12, 13

*Microsoft Corp. v. Phoenix Solutions, Inc.*
    741 F. Supp. 2d 1156 (C.D. Cal. 2010) ......................................................... 11, 12

*Porous Media Corp. v. Pall Corp.*
    201 F.3d 1058 (8th Cir. 2000) ............................................................................. 2

*Pro-Mold and Tool Co. v. Great Lakes Plastics, Inc.*
    75 F.3d 1568 (Fed. Cir. 1996) ............................................................................. 3

*Raines v. Switch Mfg.*
    No. C-96-2648 DLJ, 1997 WL 578547 (N.D. Cal. July 28, 1997) ..................... 8

*Rice v. Fox Broad. Co.*
    330 F.3d 1170 (9th Cir. 2003) ............................................................................. 2

*Santana Products, Inc. v. Bobrick Washroom Equipment, Inc.*
    249 F. Supp. 2d 463 (M.D. Pa. 2003) ................................................................. 7

*Santana Products, Inc. v. Bobrick Washroom Equipment, Inc.*
    401 F.3d 123 (3d Cir. 2005) ................................................................................ 7

*Sharper Image Corp. v. Target Corp.*
    425 F. Supp. 2d 1056 (N.D. Cal. 2006) .............................................................. 8

*Societe de Conditionnement v. Hunter Eng. Co.*
    655 F.2d 938 (9th Cir. 1981) ............................................................................. 10

*Theme Promotions, Inc. v. News Am. Mktg. FSI*
    546 F.3d 991 (9th Cir. 2008) .............................................................................. 6

*White Mule Co. v. ATC Leasing Co. LLC*
    540 F. Supp. 2d 869 (N.D. Ohio 2008) ........................................................... 3, 5


WEINGARTEN BROWN LLP

*Wistron Corp. v. Phillip M. Adams & Assocs., LLC*
  C-10-4458 EMC, 2011 1654466, at *12 (N.D. Cal. Apr. 28, 2011) ..................... 9

*Zenith Electronics Corp. v. Exzec, Inc.*
  182 F.3d 1340 (Fed. Cir. 1999) ............................................................................. 3, 4

**STATE CASES**

*Ludwig v. Superior Court*
  37 Cal. App. 4th 8, 43 Cal. Rptr. 2d 350 (2007) ................................................... 6

**RULES**

Fed. R. Civ. P. 8 ............................................................................................................. 11

Fed. R. Civ. P. 41(a) ...................................................................................................... 10

Fed. R. Civ. P.84 ..................................................................................................... 11, 12

**CONSTITUTIONAL PROVISIONS**

U.S. Const. amend. I ................................................................................................. 6, 8

## I. INTRODUCTION

The Lanham Act and Unfair Competition Law ("UCL") counterclaims filed by Defendants KLS Doors, LLC and Cox U.S.A. ("Defendants") should be dismissed at the pleading stage because a patent holder's communications to purchasers or potential purchasers regarding its patent litigation and/or asserting its patent rights cannot form the basis of these claims. In its Motion to Dismiss, The Sliding Door Company ("Sliding Door" or "Plaintiff") explained that these communications cannot constitute "commercial advertising or promotion" under the Lanham Act or "unlawful," "unfair," or "fraudulent" acts under the UCL and that both the First Amendment *Noerr-Pennington* doctrine and California litigation privilege preclude claims based on them.

In an attempt to save their meritless counterclaims, Defendants creatively argue that the inclusion of a web link in the signature block of Plaintiff's cease-and-desist emails turns those emails into commercial advertising. Defendants offer no support whatsoever for this argument. To the contrary, courts have repeatedly rejected the idea that a litigation threat against an infringer's customers can amount to promotion to them. Defendants' counterclaims should be dismissed now before Plaintiff is required to spend any more time or money on them.

Defendants' counterclaims for a judicial declaration of non-liability should also be dismissed. Because the parties' disputes concerning Plaintiff's patent and trade dress are already at issue on Plaintiff's infringement action, Defendants' counterclaims fail to serve any useful purpose under the Declaratory Judgment Act. Moreover, the vague and factually devoid allegations of Defendants' counterclaims appear designed to subject Plaintiff to litigation and discovery untethered to the actual controversy between the parties. Accordingly, Defendants' declaratory relief counterclaims should also be dismissed.

## II. PLAINTIFF'S LITIGATION WARNINGS CANNOT PLAUSIBLY BE CONSTRUED AS COMMERCIAL ADVERTISING

Defendants acknowledge that their Lanham Act counterclaim is based on Plaintiff's February 6, 2013 email to customers and that their UCL claim is predicated solely on the Lanham Act claim. (*See* Opp'n at 2-3, 7-9, 10.) They do not contend that Plaintiff alleged patent infringement in any other type of communication. (*See id.*) Because the February 6, 2013 email is a warning of infringement liability, not a representation "for the purpose of influencing consumers to buy defendant's goods or services," both of these counterclaims fail. *See Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1181 (9th Cir. 2003).

The email at issue identifies Plaintiff Sliding Door as the rightful owner of the '729 Patent, advises of Plaintiff's patent infringement suit against Defendants, and warns the recipient of its own potential liability if it purchases an infringing product.[1] (Schwartz Decl. Ex. 1.) Courts have repeatedly held that communications informing the recipients of infringement allegations, asking them to avoid infringement, and seeking to protect the sender's legal rights are not communications for the purpose of influencing customers to buy the sender's products. *Futuristic Fences, Inc. v Illusion Fence Corp.*, 558 F. Supp. 2d 1270, 1279-82 (S.D. Fla. 2008); *accord ISI Intern., Inc. v. Broden Ladner Gervais LLP*, 316 F.3d 731, 733 (7th Cir. 2003) (explaining that Lanham Act claim was untenable because letters to customers misleadingly asserting patent ownership were not false or misleading "commercial advertising or promotion"); *Porous Media Corp. v. Pall Corp.*, 201 F.3d 1058, 1059 (8th Cir. 2000) (recognizing that press releases regarding litigation did not constitute "commercial advertising or promotion"); *M. Eagles Tool Warehouse, Inc. v. Fisher Tooling Co., Inc.,* No. 97-

---

[1] Contrary to Defendants' assertion, the email contains no statement as to whether it would be possible to design around Plaintiff's patent. (*Compare* Opp'n at 9 *with* Schwartz Decl. Ex. 1.)

1568-(JAG), 2007 WL 979854, at *15-16 (D.N.J. Mar. 30, 2007) (holding that infringement notices/letters to customers did not constitute commercial advertising); *Avery Dennison Corp. v. Acco Brands, Inc.*, CV99-1877DT(MCX), 2000 WL 986995, at *6-8 (C.D. Cal. Feb. 22, 2000) (holding that letters to customers consisting of "cease and desist" language rather than any marketing or sales pitch were not commercial advertising); *White Mule Co. v. ATC Leasing Co. LLC*, 540 F. Supp. 2d 869, 893-94, 897-98 (N.D. Ohio 2008) (holding that patent holder's statements regarding infringement lawsuit to alleged infringer's potential customer were not commercial advertising) .

      Defendants incorrectly contend that two cases, *Zenith* and *Impeva Labs*, support the viability of their Lanham Act claim. (*See* Opp'n at 6-7.) In *Zenith*, the Federal Circuit expressly left open the question of whether the elements of a Lanham Act claim had been met, ruling only in the interlocutory appeal before it that a Lanham Act claim would not be in conflict with federal patent laws so long as an additional bad faith requirement is imposed. *See Zenith Electronics Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1348 & n. 3, 1354 (Fed. Cir. 1999) ("At this stage of the case it appears that neither the parties nor the district court have explicitly analyzed the relevant text of 43(a), or the required elements of a claim arising therefrom, to determine whether 43(a) reaches Excez's allegations."). *Id.* at 1348 n. 3. In the absence of allegations indicating the context of the patent holder's representations, the court assumed that they were "marketplace" representations of patent infringement rather than "threats of and actual infringement suits." *Id.* at 1348 n. 3, 1351 (distinguishing *Pro-Mold and Tool Co. v. Great Lakes Plastics, Inc.*, 75 F.3d 1568 (Fed. Cir. 1996) and *Concrete Unlimited Inc. v. Cementcraft, Inc.*, 776 F.2d 1537 (Fed. Cir. 1985) on this basis). Additionally, the patent holder asserted not only that the competitor was infringing its patent but also that the competitor could not manufacture or sell any competing products (any acoustic

touch panel or system) *without* infringing the patent. *Id.* at 1343. Even with these distinguishable assumptions, *Zenith* did not determine that a Lanham Act claim had been stated, but only that § 43(a) could reach bad faith statements regarding infringement "*assuming the elements of such a claim are otherwise made out.*" *Id.* at 1354 (emphasis supplied); *see also M. Eagle Tool Warehouse*, 2007 WL 979854, at *16 (quoting this language to reject argument that *Zenith* allows Lanham Act claim lacking "commercial advertising" element).

In *Impeva Labs*, the district court determined that an accusation of patent infringement was commercial speech only because it was made in the process of advocating a competing bid in response to a request for proposal. *See Impeva Labs, Inc. v. System Planning Corp.*, No. 5:12-CV-00125-EJD, 2012 WL 3647716, at *1, 4 (N.D. Cal. Aug. 23, 2012). The *Impeva Labs* infringement accusation also did not warn the recipient of liability. Here, in contrast, the emails at issue threaten the recipient with liability for contributory infringement and cannot plausibly be viewed as part of a bidding process or other solicitation. (*See* Schwartz Decl. Ex. 1.)

Defendants contend that Plaintiff's litigation warnings were commercial advertising because they contained a link to Plaintiff's website and three product pictures. (*See* Opp'n at 9.) Defendants cite no precedent indicating that mere links to or depictions of a patentee's products constitute promotion of them. Moreover, under the "incorporation by reference" doctrine, the court properly assesses Defendants' allegations in the context in which the link and pictures actually appeared. *See Knievel v. ESPN*, 393 F.3d at 1068, 1076-78 (9th Cir. 2005). The February 6, 2013 email shows that they were simply part of the sender's signature block. (*See* Schwartz Decl. Ex. 1.) If that were all it took to make a sales pitch, nearly every message sent by a corporate employee would become "commercial advertising or promotion" as soon as he hit "send" and a company email signature

1  was auto-generated.  Accordingly, experience and common sense dictate that it is
2  not plausible that incidental inclusion of a web link and pictures in a signature
3  block, not even in the text of the message, would transform the message's content
4  from a litigation warning to a sales pitch.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679,
5  129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (explaining that the determination of
6  whether a claim is plausible "requires the reviewing court to draw on its judicial
7  experience and common sense").

8  Defendants' observation that Plaintiff's *website* constitutes commercial
9  advertising does not help their argument.  (*See* Opp'n at 2-3.)  Plaintiffs' website
10 does not contain the statements of patent infringement at issue.  (*See* Opp'n,
11 Doroshow Decl. Ex. B.)

12 Defendants urge that this Court should not reject Defendants' commercial
13 advertising allegation at the pleading stage because the *Avery Corp.* case was
14 decided on summary judgment following discovery.  (Opp'n at 9.)  The Supreme
15 Court has made clear, however, that a pleading's "basic deficiency should … be
16 exposed at the point of minimum expenditure of time and money by the parties and
17 the court."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558, 127 S. Ct. 1955, 167 L.
18 Ed. 2d 929 (2007); *see also White Mule*, 540 F. Supp. 2d at 897-98 (dismissing
19 Lanham Act claim at the pleading stage because alleged infringement accusation
20 did not constitute commercial advertising or promotion).  Defendants do not
21 explain how discovery could possibly rescue their allegations from dismissal.

22 In short, Defendants' Lanham Act and UCL claims do not plausibly show
23 any "commercial advertising or promotion" and are therefore properly dismissed
24 under the pleading standards set forth in *Twombly* and *Iqbal*.

25
26
27
28



WEINGARTEN BROWN LLP

23900.2

5  REPLY BRIEF IN SUPPORT OF MOTION
   TO DISMISS COUNTERCLAIMS

## III. DEFENDANTS CANNOT ASSERT COUNTERCLAIMS BASED ON PLAINTIFF'S LITIGATION-RELATED COMMUNICATIONS

Even if Defendants could satisfy the elements for a Lanham Act and/or UCL claim (which they cannot), the First Amendment's *Noerr-Pennington* doctrine precludes them from basing *any* claim on Sliding Door's communications advising potential purchasers of this patent infringement suit and warning them of potential liability. (*See* Memorandum of Points and Authorities in support of Plaintiff's Motion to Dismiss ("Mem.") at 10-12 (citing cases).) California's similar litigation privilege additionally bars Defendants' UCL counterclaim. (*See* Mem. at 12-13 (citing cases).)

Defendants dispute that the *Noerr-Pennington* doctrine applies to Lanham Act claims, but can cite no precedent holding that it does not. (Opp'n at 11-12, 13.) While Defendants acknowledge the Ninth Circuit's holding that *Noerr-Pennington* applies to state law torts (such as their UCL counterclaim), they overlook its reasoning for so holding. In *Theme Promotions*, the Court of Appeals explained that *Noerr-Pennington* is a constitutional doctrine, and "'[t]here is simply no reason that a common-law tort doctrine can any more permissibly abridge or chill the constitutional right of petition than can a statutory claim such as antitrust.'" *Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1007 (9th Cir. 2008) (quoting *Video Int'l Prod., Inc. v. Warner-Amex Cable Communications, Inc.*, 858 F.2d 1075, 1084 (5th Cir. 1988)); *accord Ludwig v. Superior Court*, 37 Cal. App. 4th 8, 21 n. 17, 43 Cal. Rptr. 2d 350 (2007) (noting that *Noerr-Pennington* doctrine is a principle of constitutional law applicable to "virtually any tort"). *See also Evers v. County of Custer*, 745 F.2d 1196, 1204 (9th Cir. 1984) (citing *Noerr* to bar federal statutory claim under § 1983 under First Amendment right to petition). Because *Noerr-Pennington* "immunity is constitutional and rooted in the First Amendment right to petition, it "bars any

claim, federal or state, common law or statutory, that has as its gravamen constitutionally-protected petitioning activity." *Gen-Probe, Inc. v. Amoco Corp., Inc.*, 926 F. Supp. 948, 955-56 (S.D. Cal. 1996).

Indeed, the constitutional nature of the *Noerr-Pennington* doctrine is likely the reason that the Ninth Circuit has not yet addressed its application to a Lanham Act claim. In *Santana Products, Inc. v. Bobrick Washroom Equipment, Inc.*, 249 F. Supp. 2d 463, 470, 492-94 (M.D. Pa. 2003), a district court applied the *Noerr-Pennington* doctrine to bar a Lanham Act claim. The Third Circuit affirmed on other grounds because "'courts have a duty to avoid passing upon a constitutional question if the case may be disposed of on some other grounds.'" *Santana Products, Inc. v. Bobrick Washroom Equipment, Inc.*, 401 F.3d 123, 130-31 (3d Cir. 2005). As discussed in the prior section, a Lanham Act claim premised on a patentee's assertions of infringement liability is readily dismissed, without reaching the constitutional issue, because it fails to allege the "commercial advertising or promotion" element.

Defendants do not allege facts plausibly showing the application of the *Noerr-Pennington* doctrine's sham exception. As discussed in Sliding Door's moving papers, a claim challenging litigation-related conduct is properly dismissed at the pleading stage in the absence of factual allegations showing that the suit was objectively baseless *and* that it was subjectively motivated by bad faith. (*See* Mem. at 11-12 (citing cases).) Defendants have stated no facts to satisfy these elements, but have merely asserted in conclusory fashion that Sliding Door's infringement claims were objectively baseless because Defendants' products "are missing one or more fundamental, required elements of all claims of the '729 Patent." (Opp'n at 12-13.) Defendants do not identify what that key missing element supposedly is. Of course, conclusory allegations not supported by properly alleged facts should be disregarded in considering a motion to dismiss.

*Twombly*, 550 U.S. at 557, 564; *Iqbal*, 556 U.S. at 679.

Defendants also point to no ostensible allegation of bad faith in their counterclaims. (*See* Opp'n at 12-13.) Defendants erroneously cite *Raines v. Switch Mfg.*, No. C-96-2648 DLJ, 1997 WL 578547 (N.D. Cal. July 28, 1997) to assert that they have nonetheless adequately alleged bad faith. (*See* Opp'n at 12.) But the *Raines* court did not, as Defendants state, allow a claim to survive even though no specific facts showing bad faith were alleged. (*See id.*) Exactly the opposite, the *Raines* court *granted* a motion to dismiss and stressed that "if a bare allegation of bad faith litigation were sufficient to defeat the *Noerr-Pennington* bar, every claimant would be able to avoid the intent of the Supreme Court merely by alleging bad faith on the part of the party seeking to enforce the patent." *Raines*, 1997 WL 578547, at *6.

With respect to the California litigation privilege, Defendants cite no support for their contention that infringement allegations and warnings lose their protection if they were intended to influence purchasing activity or turn out to be incorrect. (*See* Opp'n at 11.) Indeed, a patentee generally threatens liability to deter purchases of infringing products, and the absolute privilege is only useful if it applies before the truth or falsity of the patentee's claim is determined. Accordingly, the *Sharper Image* court held that the litigation privilege barred a claim based on a patentee's infringement allegations and warnings to potential customers even though the patentee admitted "that one purpose of the letters was to promote [its] products" and its letters turned out to be false and misleading. *Sharper Image Corp. v. Target Corp.*, 425 F. Supp. 2d 1056, 1076, 1077-78 (N.D. Cal. 2006). The court explained that the test is whether the statements advance the patentee's interest in the litigation, not whether that is *all* they do. *See id.* at 1078.

In sum, *Noerr-Pennington* doctrine of the First Amendment right of petition bars Defendants' Lanham Act and UCL counterclaims, and California's litigation

1  privilege additionally bars their UCL counterclaim.  Because Defendants have not
2  identified any amendments that would rescue these causes of action, they should be
3  dismissed with prejudice.

## IV. DEFENDANTS' DECLARATORY RELIEF COUNTERCLAIMS SHOULD ALSO BE DISMISSED

### A. Defendants' Non-Infringement Counterclaims Serve No Useful Purpose and Threaten to Improperly Expand the Litigation

Sliding Door seeks dismissal of Defendants' counterclaims for a judicial declaration of non-infringement because they fail to identify which of Defendants' products are claimed to be non-infringing and at best would be needlessly duplicative.  (*See* Mem. at 14-15.)  A claim that does not specify the products accused of infringement fails to satisfy the constitutional case or controversy requirement.  *Wistron Corp. v. Phillip M. Adams & Assocs., LLC*, C-10-4458 EMC, 2011 1654466, at *12 (N.D. Cal. Apr. 28, 2011).

Defendants assert in their Opposition that "the products they claim are non-infringing are precisely the same products that Plaintiff claims are infringing." (Opp'n at 15.)  The counterclaims, however, are not so clear.  This raises the concern that Defendants will exploit their vague pleading to pursue discovery and litigation with respect to other products and issues unrelated to the actual case or controversy between the parties.

Thus, Defendants have either failed to sufficiently plead the products at issue or, at best, they have asserted duplicative declaratory relief claims that "serve no useful purpose" and "add nothing to the litigation."  *Cundiff v. Dollar Loan Center*, 726 F. Supp. 2d 1232, 1240-41 (D. Nev. 2010); *see also Englewood Lending Inc. v. G&G Coachella Invests., LLC*, 651 F. Supp. 2d 1141, 1144-47 (C.D. Cal. 2009).  Either way, their non-infringement claims are properly dismissed.

1  Defendants' assertion that declaratory relief is commonly sought in a patent
2  infringement action ignores the factual circumstances under which that is the case.
3  (*See* Opp'n at 15-16.)  A claim for a judicial declaration of non-infringement is
4  appropriate when a patent holder has *failed to sue* because the patent holder
5  otherwise wields the patent as a "scarecrow" inflicting on competitors the *in*
6  *terrorem* choice between accruing infringement liability and abandoning their
7  enterprise. *Societe de Conditionnement v. Hunter Eng. Co.*, 655 F.2d 938, 943 (9th
8  Cir. 1981).  Declaratory relief serves a useful purpose in that case because it cures
9  the *in terrorem* effect.  Here, in contrast, Sliding Door has filed this very lawsuit
10 against Defendants for patent infringement.  Declaratory relief of non-infringement
11 thus serves no purpose here.

12 Defendants' assertion that a patent infringement plaintiff could seek to
13 dismiss its claims without prejudice does not sustain their vague, and at best
14 redundant, pleading. (*See* Opp'n at 17.)  Under Federal Rule of Civil Procedure
15 41(a), Sliding Door could dismiss only with Defendants' consent or upon court
16 order.  That procedure allows a defendant to contest a non-merits dismissal at the
17 appropriate time.  Moreover, in the unlikely hypothetical event that Sliding Door
18 were to move to dismiss its claims without either a judgment or settlement,
19 Defendants could *then* bring applicable declaratory relief claims.

20 Defendants point out that their trade dress non-infringement counterclaim
21 also includes allegations other than non-infringement, i.e., "that Plaintiff's asserted
22 trade dress is functional, commonly found in third party products, not inherently
23 distinctive, and has not acquired secondary meaning, among other things."  (Opp'n
24 at 17.)  To the extent that these allegations seek a judicial declaration of "the
25 validity of Plaintiff's alleged trade dress" *regardless* of whether Defendants have
26 infringed that trade dress (*see id.*), they may be alleged as a separate cause of
27 action but do not save Defendants' Third Claim for Relief for "Non-infringement,"
28

which seeks only a "declaration that Counter-Plaintiffs have not infringed Sliding Door's alleged trade dress as set forth in the Complaint."

Accordingly, Defendants' *non-infringement* counterclaims should be dismissed.

### B.     Defendants Fail to Allege Facts Showing Patent Invalidity

Defendants' counterclaim for a declaration of patent invalidity and their affirmative defense of invalidity should be dismissed because Defendants have failed to state what patentability requirements have not been met.  As discussed in the moving papers, a pleading that fails to provide the factual basis for alleging a patent's invalidity is "radically insufficient" and fails to satisfy Rule 8's fair notice requirement.  (*See* Mem. at 15 (citing *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049-51 (N.D. Cal. 2004); *Grid Sys. Corp. v. Texas Instruments, Inc.*, 771 F. Supp. 1033, 1042 (N.D. Cal. 1991); *PageMelding, Inc. v. ESPN, Inc.*, C 11-06263 WHA, 2012 WL 3877686, at *3 (N.D. Cal. Sept. 6, 2012).)  *See also Advanced Cardivascular Systems, Inc. v. Medtronic, Inc.*, No. C-95-3577 DLJ, 1996 WL 467293, at *13 (N.D.Cal., July 24, 1996) (striking affirmative defense of patent invalidity for failure to state facts providing fair notice of the defense).

Defendants cite *Microsoft Corp. v. Phoenix Solutions, Inc.*, 741 F. Supp. 2d 1156, 1159 (C.D. Cal. 2010) for the contrary proposition that the "heightened pleading standards of *Twombly* and *Iqbal*" do not apply to invalidity counterclaims.[2]  (*See* Opp'n at 17-18.)  The district court in that case reasoned that conclusory counterclaims of patent invalidity should be allowed because Federal Rule of Civil Procedure 84 allows a complaint of infringement using Form 18, which alleges "little more than a conclusory statement that the defendant infringed

---

[2] Although the cited opinion refers to *Twombly* and *Iqbal* as providing a "heightened pleading standard," the Supreme Court stated in *Twombly* that "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."  550 U.S. at 570.

11     REPLY BRIEF IN SUPPORT OF MOTION
       TO DISMISS COUNTERCLAIMS



the plaintiff's patent," so conclusory pleading of invalidity should also suffice. *Microsoft*, 741 F. Supp. 2d at 1159. The Federal Circuit has rejected this reasoning, explaining that "[t]he Forms are controlling only for causes of action for which there are sample pleadings." *In re Bill of Lading Transmission and Processing Sys. Patent Litig.*, 681 F.3d 1323, 1336 (Fed. Cir. 2012) (citing *Twombly*, 550 U.S. at 564 n. 10, which discussed the requirements of model Form 9 for pleading negligence)); *accord Halton Co. v. Streivor, Inc.*, No. C 10–00655 WHA, 2010 WL 2077203, at *3 (N.D. Cal. May 21, 2010) (dismissing conclusory allegations of indirect infringement because Form 18 only provides a model complaint for direct infringement); *Elan Microelectronics Corp. v. Apple, Inc.*, No. C 09-1531 RS, 2009 WL 2972374, at *2 (N.D. Cal. Sept. 14, 2009) ("In the absence of any other form that addresses [the claim] and is made binding on the courts through Rule 84, the Court must apply the teachings of *Twombly* and *Iqbal*.").

No Federal Rule or Form approves a conclusory pleading of invalidity. *See Memory Control Enter., LLC v. Edmunds.com, Inc.*, No. CV 11-7658 PA (JCx), 2012 WL 681765, at *3 (C.D. Cal. Feb. 8, 2012). The court in *Memory Control Enterprise* therefore dismissed a conclusory claim of patent invalidity, elaborating:

> [W]hile the Appendix of the Federal Rules of Civil Procedure includes a form for patent infringement, it includes no such form for patent invalidity. Until such a form is included, defendants must meet the pleading standard the Supreme Court announced in *Twombly* and *Iqbal*. Just as *Twombly* and *Iqbal* did not rewrite the Federal Rules of Civil Procedure—thus, Rule 84 still applies, and Form 18 still suffices—a court cannot write

into the Federal Rules a form for a claim for declaratory judgment of patent invalidity.

Additionally, the *Memory Control Enterprise* court determined that a claim of invalidity resembling Defendants' invalidity claim here would not provide the same degree of notice as a direct infringement claim on Form 18. *Id.* at *2-3. "Merely reciting possible ways that a patent can be held invalid, stated in such a conclusory manner, with absolutely no facts supporting it, hardly provides fair notice to Plaintiff." *Id.* at *3.

Accordingly, because Defendants undeniably and admittedly state only conclusory allegations of invalidity without any facts rendering those allegations plausible, their invalidity allegations should be dismissed under the pleading standards of *Twombly* and *Iqbal*.[3]

## V.     CONCLUSION

For the foregoing reasons, Defendants' Counterclaims fail to state a claim and should be dismissed. Defendants' affirmative defense of invalidity should likewise be dismissed. Because no amendment could cure their deficiency, the dismissal of Defendants' affirmative counterclaims based upon Sliding Door's litigation warning to customers should be dismissed with prejudice.

---

[3] Contrary to Defendants' assertion (*see* Opp'n at 18), and regardless of whether Form 18 allowed it to plead less, Sliding Door pleaded facts showing that Defendants infringed its patent. Sliding Door alleged that Defendants' Wardrobe Aluminum Doors, Surface Aluminum Doors, Aluminum Room Dividers, and Aluminum Partitions incorporate Sliding Door's "patented safety latch mechanism, upper roller assembly, and removable divider strips," as shown by the Complaint's side-by-side comparison of the '729 Patent with Defendants' products. (Complaint ¶¶ 26-30.)

| | |
|---|---|
| Dated:  April 15, 2013 | WEINGARTEN BROWN LLP<br>Alex M. Weingarten<br>Ruth M. Moore<br>Vartanoush Defterderian<br><br>By:  /s/ Alex M. Weingarten<br>    Alex M. Weingarten<br>    aw@wbllp.com<br><br>*Attorneys for Plaintiff*<br> The Sliding Door Company |

14

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS

23900.2