1
2
3
4
5
6
7
8               UNITED STATES DISTRICT COURT
9              CENTRAL DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  THE SLIDING DOOR COMPANY, a California Corporation, | CASE NO.: EDCV 5:13-cv-00196-JGB-DTB |
| 12 | Hon. Judge Jesus G. Bernal |
| 13              Plaintiff, | |
| 14  v. | [~~PROPOSED~~] AMENDED STIPULATED PROTECTIVE ORDER |
| 15  KLS DOORS, LLC, a California Limited Liability Company; COX U.S.A., a division of KLS DOORS, LLC, | Discovery Cutoff:      June 26, 2014 Pre-Trial Conference:  Sept. 15, 2014 Trial Date:            October 7, 2014 |
| 16 | |
| 17 | |
| 18              Defendants. | |
| 19  AND RELATED COUNTERCLAIMS | |
| 20 | |

21
22
23
24
25
26
27
28

**1.    PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to the following Amended Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3, below, that this Amended Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**2.    DEFINITIONS**

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    Counsel: Outside Counsel of Record (as well as their support staff).

2.4    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including,

among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9     Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12    Professional Vendors: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

1    2.14   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery

2   Material from a Producing Party.

3   **3.   <u>SCOPE</u>**

4    The protections conferred by this Stipulation and Order cover not only

5   Protected Material (as defined above), but also: (1) any information copied or

6   extracted from Protected Material; (2) all copies, excerpts, summaries, or

7   compilations of Protected Material; and (3) any testimony, conversations, or

8   presentations by Parties or their Counsel that might reveal Protected Material.

9   However, the protections conferred by this Stipulation and Order do not cover the

10   following information: (1) any information that is in the public domain at the time

11   of disclosure to a Receiving Party or becomes part of the public domain after its

12   disclosure to a Receiving Party as a result of publication not involving a violation

13   of this Order, including becoming part of the public record through trial or

14   otherwise; and (2) any information known to the Receiving Party prior to the

15   disclosure or obtained by the Receiving Party after the disclosure from a source

16   who obtained the information lawfully and under no obligation of confidentiality to

17   the Designating Party. Any use of Protected Material at trial shall be governed by a

18   separate agreement or order.

19   **4.   <u>DURATION</u>**

20    Even after final disposition of this litigation, the confidentiality obligations

21   imposed by this Order shall remain in effect until a Designating Party agrees

22   otherwise in writing or a court order otherwise directs. Final disposition shall be

23   deemed to be the later of: (1) dismissal of all claims and defenses in this action,

24   with or without prejudice; and (2) final judgment herein after the completion and

25   exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

26   including the time limits for filing any motions or applications for extension of

27   time pursuant to applicable law.

28

## 5. DESIGNATING PROTECTED MATERIAL

5.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 30 days to identify the specific portions of the testimony as to which

1  protection is sought and to specify the level of protection being asserted. Only

2  those portions of the testimony that are appropriately designated for protection

3  within the 30 days shall be covered by the provisions of this Amended Stipulated

4  Protective Order. Alternatively, a Designating Party may specify, at the deposition

5  or up to 30 days afterwards if that period is properly invoked, that the entire

6  transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

7  – ATTORNEYS' EYES ONLY."

8       Parties shall give the other Parties notice if they reasonably expect a

9  deposition, hearing or other proceeding to include Protected Material so that the

10 other Parties can ensure that only authorized individuals who have signed the

11 "Acknowledgment and Agreement to Be Bound" (Exhibit A) if required in section

12 7.2 of this Order are present at those proceedings. The use of a document as an

13 exhibit at a deposition shall not in any way affect its designation as

14 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

15 ONLY."

16      Transcripts containing Protected Material shall have an obvious legend on

17 the title page that the transcript contains Protected Material, and the title page shall

18 be followed by a list of all pages (including line numbers as appropriate) that have

19 been designated as Protected Material and the level of protection being asserted by

20 the Designating Party. The Designating Party shall inform the court reporter of

21 these requirements. Any transcript that is prepared before the expiration of a 30-

22 day period for designation shall be treated during that period as if it had been

23 designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its

24 entirety unless otherwise agreed. After the expiration of that period, the transcript

25 shall be treated only as actually designated.

26      (c) for information produced in some form other than documentary and for

27 any other tangible items, that the Producing Party affix in a prominent place on the

28 exterior of the container or containers in which the information or item is stored

the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'
EYES ONLY." If only a portion or portions of the information or item warrant
protection, the Producing Party, to the extent practicable, shall identify the
protected portion(s) and specify the level of protection being asserted.

5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent
failure to designate qualified information or items does not, standing alone, waive
the Designating Party's right to secure protection under this Order for such
material. Upon timely correction of a designation, the Receiving Party must make
reasonable efforts to assure that the material is treated in accordance with the
provisions of this Order.

**6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a
designation of confidentiality at any time. Unless a prompt challenge to a
Designating Party's confidentiality designation is necessary to avoid foreseeable,
substantial unfairness, unnecessary economic burdens, or a significant disruption
or delay of the litigation, a Party does not waive its right to challenge a
confidentiality designation by electing not to mount a challenge promptly after the
original designation is disclosed.

6.2    <u>Meet and Confer</u>. The Challenging Party shall comply with the meet
and confer requirements of Local Rule 37-1 with regard to resolving any challenge
as to designation.  In the Challenging Party's communication required under Local
Rule 37-1, the Challenging Party shall explain the basis for its belief that the
confidentiality designation was not proper.

6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge,
following the procedures of Local Rule 37-1, the Parties shall prepare and file a
joint stipulation in accordance with Local Rule 37-2.  Nothing herein shall affect
the procedures found in Magistrate Judge Bristow's Requirements or the Local
Rules of this Court.  The burden of persuasion in any such challenge proceeding

1   shall be on the Designating Party. Frivolous challenges and those made for an

2   improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on

3   other parties) may expose the Challenging Party to sanctions. All Parties shall

4   continue to afford the material in question the level of protection to which it is

5   entitled under the Designating Party's designation until the Court rules on the

6   challenge.

7   **7.   ACCESS TO AND USE OF PROTECTED MATERIAL**

8        7.1   <u>Basic Principles</u>. A Receiving Party may use Protected Material that is

9   disclosed or produced by another Party or by a Non-Party in connection with this

10  case only for prosecuting, defending, or attempting to settle this litigation. Such

11  Protected Material may be disclosed only to the categories of persons and under

12  the conditions described in this Order. When the litigation has been terminated, a

13  Receiving Party must comply with the provisions of Section 13 below (FINAL

14  DISPOSITION).

15       Protected Material must be stored and maintained by a Receiving Party at a

16  location and in a secure manner that ensures that access is limited to the persons

17  authorized under this Order.

18       7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless

19  otherwise ordered by the court or permitted in writing by the Designating Party, a

20  Receiving Party may disclose any information or item designated

21  "CONFIDENTIAL" only to:

22       (a) the Receiving Party's Outside Counsel of Record in this action, as well

23  as employees of said Outside Counsel of Record to whom it is reasonably

24  necessary to disclose the information for this litigation;

25       (b) the officers, directors, and employees of the Receiving Party to whom

26  disclosure is reasonably necessary for this litigation and who have signed the

27  "Acknowledgment and Agreement to Be Bound" (Exhibit A) ;

28

1    (c) Experts (as defined in this Order) of the Receiving Party to whom

2    disclosure is reasonably necessary for this litigation and who have signed the

3    "Acknowledgment and Agreement to Be Bound" (Exhibit A), except that any

4    Expert that is a current officer, director, or employee of a competitor of a Party or

5    anticipated to become one must have been approved according to the procedures

6    for Approving or Objecting to Disclosure to Experts in Section 7.4 below;

7    (d) the court and its personnel;

8    (e) court reporters and their staff, professional jury or trial consultants, and

9    Professional Vendors to whom disclosure is reasonably necessary for this

10   litigation;

11   (f) during their depositions, witnesses in the action to whom disclosure is

12   reasonably necessary, unless otherwise agreed by the Designating Party or ordered

13   by the court;[1] and

14   (g) the author or recipient of a document containing the information or a

15   custodian or other person who otherwise possessed or knew the information.

16   7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

17   ONLY" Information or Items. Unless otherwise ordered by the court or permitted

18   in writing by the Designating Party, a Receiving Party may disclose any

19   information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

20   EYES ONLY" only to:

21   (a) the Receiving Party's Outside Counsel of Record in this action, as well

22   as employees of said Outside Counsel of Record to whom it is reasonably

23   necessary to disclose the information for this litigation;

24   (b) Experts of the Receiving Party: (1) to whom disclosure is reasonably

25   necessary for this litigation; and (2) who has signed the "Acknowledgment and

26

---

27   [1] Pages of transcribed deposition testimony or exhibits to depositions that reveal
Protected Material must be separately bound by the court reporter and may not be
28   disclosed to anyone except as permitted under this Amended Stipulated Protective
Order.

1  Agreement to Be Bound" (Exhibit A) except that any Expert that is a current

2  officer, director, or employee of a competitor of a Party or anticipated to become

3  one must have been approved according to the procedures for Approving or

4  Objecting to Disclosure to Experts in Section 7.4 below;

5       (c) the court and its personnel;

6       (d) court reporters and their staff, professional jury or trial consultants, and

7  Professional Vendors to whom disclosure is reasonably necessary for this

8  litigation; and

9       (e) the author or recipient of a document containing the information or a

10  custodian or other person who otherwise possessed or knew the information.

11       7.4 <u>Procedures for Approving or Objecting to Disclosure to Experts.</u>

12       (a) "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS'

13  EYES ONLY" information or items may be disclosed to an Expert without

14  disclosure of the identity of the Expert as long as the Expert is not a current officer,

15  director, or employee of a competitor of a Party or anticipated to become one.

16       (b) Unless otherwise ordered by the court or agreed to in writing by the

17  Designating Party, a Party that seeks to disclose to an Expert that is a current

18  officer, director, or employee of a competitor of a Party or anticipated to become

19  one, any information or item that has been designated "CONFIDENTIAL" or

20  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a

21  written request to the Designating Party that: (1) identifies the general categories of

22  information that the Receiving Party seeks permission to disclose to the Expert; (2)

23  sets forth the full name of the Expert and the city and state of his or her primary

24  residence; (3) attaches a copy of the Expert's current resume; (4) identifies the

25  Expert's current employer(s); (5) identifies each person or entity from whom the

26  Expert has received compensation or funding for work in his or her areas of

27  expertise or to whom the expert has provided professional services, including in

28

1   connection with a litigation, at any time during the preceding five years;[2] and (6)

2   identifies (by name and number of the case, filing date, and location of court if

3   available) any litigation in connection with which the Expert has offered expert

4   testimony, including through a declaration, report, or testimony at a deposition or

5   trial, during the preceding five years.[3]

6      (c) A Party that makes a request and provides the information specified in

7   the Section 7.4 (b) may not disclose the subject Protected Material to the identified

8   Expert until the later of: (1) at least 7 days after delivering the request to the other

9   Parties unless the other Parties provide express written consent to an earlier

10  disclosure; or (2) resolution of any objection under Paragraph 7.4(d).

11     (d) A Party that receives a request for disclosure under Sections 7.4(b) may

12  object to the disclosure within 7 days of receiving the request. Any such objection

13  must set forth in detail the grounds on which it is based.  A Party that receives a

14  timely written objection must meet and confer with the Designating Party to try to

15  resolve the matter by agreement within 5 days of the written objection. If no

16  agreement is reached, the Party seeking to make the disclosure to the Expert may

17  file a motion as provided in Local Civil Rule 7 (and in compliance with Local Civil

18  Rule 79-5 and General Order 62, if applicable) seeking permission from the court

19  to do so. Any such motion must describe the circumstances with specificity, set

20  forth in detail the reasons why the disclosure to the Expert is reasonably necessary,

21  assess the risk of harm that the disclosure would entail, and suggest any additional

22  means that could be used to reduce that risk. In addition, any such motion must be

23  _____

24  [2] If the Expert believes any of this information is subject to a confidentiality
    obligation to a third-party, then the Expert should provide whatever information

25  the Expert believes can be disclosed without violating any confidentiality
    agreements, and the Party seeking to disclose to the Expert shall be available to

26  meet and confer with the Designating Party regarding any such engagement.

27  [3] It may be appropriate in certain circumstances to restrict the Expert from
    undertaking certain limited work prior to the termination of the litigation that could

28  foreseeably result in an improper use of the Designating Party's "HIGHLY
    CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

1  accompanied by a competent declaration describing the Parties' efforts to resolve

2  the matter by agreement (i.e., the extent and the content of the meet and confer

3  discussions) and setting forth the reasons advanced by the Designating Party for its

4  refusal to approve the disclosure.

5       In any such proceeding, the Party opposing disclosure to the Expert shall

6  bear the burden of proving that the risk of harm that the disclosure would entail

7  (under the safeguards proposed) outweighs the Receiving Party's need to disclose

8  the Protected Material to its Expert.

9  **8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED**

10      **PRODUCED IN OTHER LITIGATION**

11      If a Party is served with a subpoena or a court order issued in other litigation

12  that compels disclosure of any information or items designated in this action as

13  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

14  ONLY" that Party must:

15      (a) promptly notify in writing the Designating Party. Such notification shall

16  include a copy of the subpoena or court order;

17      (b) promptly notify in writing the party who caused the subpoena or order to

18  issue in the other litigation that some or all of the material covered by the subpoena

19  or order is subject to this Protective Order. Such notification shall include a copy

20  of this Amended Stipulated Protective Order; and

21      (c) cooperate with respect to all reasonable procedures sought to be pursued

22  by the Designating Party whose Protected Material may be affected.

23      If the Designating Party timely seeks a protective order, the Party served

24  with the subpoena or court order shall not produce any information designated in

25  this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

26  ATTORNEYS' EYES ONLY" before a determination by the court from which the

27  subpoena or order issued, unless the Party has obtained the Designating Party's

28  permission. The Designating Party shall bear the burden and expense of seeking

1  protection in that court of its confidential material – and nothing in these

2  provisions should be construed as authorizing or encouraging a Receiving Party in

3  this action to disobey a lawful directive from another court.

4  **9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**

5  **PRODUCED IN THIS LITIGATION**

6      (a)    The terms of this Order are applicable to information produced by a

7  Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY

8  CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced

9  by Non-Parties in connection with this litigation is protected by the remedies and

10  relief provided by this Order. Nothing in these provisions should be construed as

11  prohibiting a Non-Party from seeking additional protections.

12      (b)    In the event that a Party is required, by a valid discovery request, to

13  produce a Non-Party's confidential information in its possession, and the Party is

14  subject to an agreement with the Non-Party not to produce the Non-Party's

15  confidential information, then the Party shall:

16          1.  promptly notify in writing the Requesting Party and the Non-

17  Party that some or all of the information requested is subject to a confidentiality

18  agreement with a Non-Party;

19          2.  promptly provide the Non-Party with a copy of the Amended

20  Stipulated Protective Order in this litigation, the relevant discovery request(s), and

21  a reasonably specific description of the information requested; and

22          3.  make the information requested available for inspection by the

23  Non-Party.

24      (c)    If the Non-Party fails to object or seek a protective order from this

25  court within 14 days of receiving the notice and accompanying information, the

26  Receiving Party may produce the Non-Party's confidential information responsive

27  to the discovery request. If the Non-Party timely seeks a protective order, the

28  Receiving Party shall not produce any information in its possession or control that

1    is subject to the confidentiality agreement with the Non-Party before a

2    determination by the court. Absent a court order to the contrary, the Non-Party

3    shall bear the burden and expense of seeking protection in this court of its

4    Protected Material.

5    **10.**    <u>**UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**</u>

6         If a Receiving Party learns that, by inadvertence or otherwise, it has

7    disclosed Protected Material to any person or in any circumstance not authorized

8    under this Amended Stipulated Protective Order, the Receiving Party must

9    immediately (a) notify in writing the Designating Party of the unauthorized

10    disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

11    Protected Material, and (c) inform the person or persons to whom unauthorized

12    disclosures were made of all the terms of this Order; and (d) request such person or

13    persons to execute the "Acknowledgment and Agreement to Be Bound" that is

14    attached hereto as Exhibit A.

15    **11.**    <u>**INADVERTENT PRODUCTION OF PRIVILEGED OR**</u>

16         <u>**OTHERWISE PROTECTED MATERIAL**</u>

17         When a Producing Party gives notice to Receiving Parties that certain

18    inadvertently produced material is subject to a claim of privilege or other

19    protection, the obligations of the Receiving Parties are those set forth in Federal

20    Rule of Civil Procedure 26(b)(5)(B).  Pursuant to Federal Rule of Evidence 502(b)

21    and (d) any inadvertent disclosure of privileged information shall not waive

22    privilege.

23    **12.**    <u>**MISCELLANEOUS**</u>

24         12.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any

25    person to seek its modification by the court in the future.

26         12.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this

27    Protective Order no Party waives any right it otherwise would have to object to

28    disclosing or producing any information or item on any ground not addressed in

this Amended Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

      12.3   Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party wishing to file any Protected Material must first seek to file the Protected Material under seal pursuant to Local Civil Rule 79-5. If a Receiving Party's request to file Protected Material under seal pursuant to Local Civil Rule 79-5 is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Local Civil Rule 79-5 unless otherwise instructed by the court.

      12.4   Post-Litigation Privileged Documents. No documents protected by the attorney-client or attorney work product privileges created on or after January 31, 2013 (the date of the filing of this lawsuit) need to be produced or identified on a privilege log. This agreement has no effect on the Parties' obligation to produce non-privileged documents created on or after January 31, 2013.

## 13.   FINAL DISPOSITION

      Within 60 days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that: (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed; and (2) affirms that the Receiving Party has not retained any copies, abstracts,

compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain archival copies of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated:  August 2, 2013

_____
Hon. David T. Bristow
United States Magistrate Judge

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Amended Stipulated Protective

Order that was issued by the United States District Court for the Central District of

California on _____ [date] in the case of *Sliding Door Co. v. KLS Doors,*

*LLC, et al.* (Case No. EDCV 5:13-cv-00196-JGB-DTB). I agree to comply with

and to be bound by all the terms of this Amended Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt. I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Amended

Stipulated Protective Order to any person or entity except in strict compliance with

the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Central District of California for the purpose of enforcing the terms

of this Amended Stipulated Protective Order, even if such enforcement

proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Amended Stipulated

Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____